**GODES & PREIS, LLP**
Joseph M. Preis (State Bar No. 212998)
 *jpreis@gaplegal.com*
Benjamin G. Reynolds (State Bar No. 320546)
 *breynolds@gaplegal.com*
300 Spectrum Center Drive, Suite 1420
Irvine, California 92618
Telephone:  949.468.0051
Facsimile:   949.872.2281

Attorneys for Plaintiff
RADARO INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADARO INC., a Delaware corporation,<br><br>              Plaintiffs,<br><br>       vs.<br><br>SHIFTPIXY INC., a Wyoming corporation; and DOES 1 through 5, inclusive,<br><br>              Defendants. | Case No.: 8:20-cv-01143-JVS-DFM<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**1) BREACH OF CONTRACT**<br>**2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br>**3) ACCOUNTING**<br>**4) VIOLATION OF THE UNFAIR COMPETITION LAW (BUS. CODE § 17200 ET SEQ.)** |

**FIRST AMENDED COMPLAINT**

Plaintiff Radaro Inc. ("Radaro") hereby assert the following claims against Defendant ShiftPixy Inc. ("ShiftPixy").

## NATURE OF THE ACTION

1. Radaro is a software company that, *inter alia*, licenses white-label software products to its customers,[1] including ShiftPixy.

2. On or about September 17, 2019, Radaro and ShiftPixy entered into a Software License and Services Agreement (the "Agreement;"),[2] pursuant to which, ShiftPixy was and is obligated to pay Radaro a fixed monthly license fee to license certain Radaro software for a three year term that commenced on May 22, 2019.[3] Additionally, ShiftPixy was and is prohibited from assigning or sub-licensing any of its rights under the Agreement without Radaro's prior written approval,[4] from selling, renting, leasing, sub-licensing, transferring, distributing, or permitting the use of Radaro's software by any parties other than ShiftPixy,[5] and from using Radaro's software outside of ShiftPixy's existing software platform.[6]

---

[1] "White label products are sold by retailers with their own branding and logo but the products themselves are manufactured by a third party." https://www.investopedia.com/terms/w/white-label-product.asp (last visited June 23, 2020). ShiftPixy acted as the "retailer" of the white-labelled software that it licensed from Radaro.

[2] A copy of the Agreement is attached hereto as **Exhibit 1**.

[3] *See*, Ex. 1, § 10; Schedule 2; and Schedule 3.

[4] *See*, Ex. 1, § 5.3 ("Except as expressly set out in this Agreement, ShiftPixy is not entitled to assign or sublicense any of its right under this Agreement without prior written approval of Radaro.").

[5] *See*, Ex. 1, § 7.2 ("ShiftPixy must not sell, rent, lease, sub-license (subject to clause 5) or transfer or distribute any copies of the Software to, or permit the use of the Software by, any parties other than ShiftPixy.").

[6] *See*, Ex. 1, § 7.7 ("The Software must be integrated within and used only in conjunction with ShiftPixy's existing software platform. For the avoidance of doubt, no license is granted by Radaro to ShiftPixy under this Agreement to use the Software as a stand-alone product outside of and separate from ShiftPixy's existing software platform. The Parties may enter into negotiations (in good faith) to reach an

3. ShiftPixy paid its fixed monthly fee as agreed through September 2019, and materially breached the Agreement by failing to pay as agreed thereafter.

4. Additionally, Radaro is informed and believed, and based thereon avers, that ShiftPixy has either assigned or sub-licensed its rights arising from the Agreement—without Radaro's prior written consent—sold, rented, leased, sub-licensed, transferred, distributed, or permitted the use of copies of Radaro's software to its Co-Founder and Director, Steven Holmes ("Mr. Holmes"), to use on his website nativedelivery.com,[7] outside ShiftPixy's existing software platform, in violation of sections 5.3, 7.2, and 7.7 of the Agreement.

5. Moreover, Radaro is informed and believes, and based thereon avers, that ShiftPixy induced Radaro into entering into the Agreement by misrepresenting that it would not assign or sub-license any of its rights under the Agreement without Radaro's prior written approval, that it would not sell, rent, lease, sub-license, transfer, distribute, or permit the use of Radaro's software by any parties other than ShiftPixy, and that it would not use Radaro's software outside of ShiftPixy's existing software platform, knowing at the time of the misrepresentations that it intended to permit Mr. Holmes to use Radaro's software in violation of the Agreement, which surmounts to promissory fraud. Radaro is further informed and believes, and based thereon avers, that ShiftPixy willfully concealed the fact that it permitted Mr. Holmes to use Radaro's software so that ShiftPixy and Mr. Holmes could benefit from the use thereof to Radaro's detriment.

6. As a result of ShiftPixy's unlawful conduct, Radaro has suffered damages by being deprived of the payments that ShiftPixy owes under the Agreement, and by being deprived of the payments that it would have received from

---

agreement (independent of this Agreement) on separate commercial terms in respect of a stand-alone version of the Software that may be used by ShiftPixy.").

[7] Nativedelivery.com predominantly displayed screenshots of the "white labelled" solution that Radaro licensed to ShiftPixy as its market offering.

nativedelivery.com's use of its software. By and through its claims, Radaro seeks compensatory and punitive damages, disgorgement of profits, injunctive relief, declaratory relief, and recovery of its reasonable attorney's fees and costs expended in order to prevent ShiftPixy from further engaging in its unlawful conduct.

## PARTIES

7. Plaintiff Radaro is a corporation organized under the laws of Delaware with its principle place of business in Edina, Minnesota.

8. Defendant ShiftPixy is a corporation organized under the laws of Wyoming with its principal place of business in Irvine, California.

9. Third-party NativeDelivery LLC ("Native Delivery") is a limited liability company organized under the laws of Florida with its principal place of business in St. Petersburg, Florida that operates the website located at the nativedelivery.com domain name. Native Delivery's managing member is Stonepath Partners LLC ("Stonepath Partners").

10. Third-party Stonepath Partners is a limited liability company organized under the laws of Florida with its principal place of business in St. Petersburg Florida. Stonepath Partners' managing member is Native Delivery.

11. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants herein designated by the fictitious names Does 1 through 10, inclusive, are unknown to Radaro, who therefore sues said defendants by such fictitious names. When the true names and capacities of such fictitiously named defendants have been ascertained, Radaro will amend this pleading accordingly. Radaro is informed and believes, and based thereon alleges, that each of the fictitiously named defendants is in some manner responsible for the acts, omissions, and occurrences, and actually and proximately caused and contributed to the various injuries and damages, alleged herein.

///

///

12. Radaro is informed and believes, and based thereon alleges, that, at all times relevant hereto, each of the defendants, including Does 1 through 10, were acting as the employee, agent, partner, joint venturer, servant, and/or representative of each of the remaining defendants, and were acting within the course and scope of said agency and employment. Radaro is further informed and believes, and based thereon alleges, that the acts and conduct herein alleged of each of the defendants were known to, authorized by, and ratified by each of the other defendants, and that each of the defendants is therefore jointly and severally liable to Radaro.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over the claims asserted herein under 28 U.S.C. §§ 1332(a)(1)-(2) because the amount in controversy exceeds $75,000, and ShiftPixy is a citizen of Wyoming and California, and Radaro is a citizen of Delaware and Minnesota.

14. This Court may properly exercise personal jurisdiction over ShiftPixy because its principal place of business is located in the Central District of California.

15. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)–(c) because a substantial part of the events giving rise to Radaro's claims occurred in Orange County, California, where ShiftPixy signed and breached the Software License and Services Agreement, and because ShiftPixy's principal place of business is located in the Central District of California.

## FACTUAL AVERMENTS

16. On or about September 17, 2019, Radaro and ShiftPixy entered into the Agreement with a May 22, 2019, Commencement Date, pursuant to which, ShiftPixy was and is obligated to pay Radaro a monthly fixed license fee over a three-year term of $75,000 for the first 12 months, $82,500 per month for the second 12 months, and $90,800 for the third 12 months to license certain Radaro software. *See*, Ex 1, § 10;

Schedule 2; and Schedule 3.[8]  Additionally, ShiftPixy was and is prohibited from assigning or sub-licensing any of its rights under the Agreement without Radaro's prior written approval, from selling, renting, leasing, sub-licensing, transferring, distributing, or permitting the use of Radaro's software by any parties other than ShiftPixy, and from using Radaro's software outside of ShiftPixy's existing software platform. *Id.* at §§ 5.3, 7.2, & 7.7.

17.  ShiftPixy paid as agreed through September 2019, but materially breached the Agreement by failing to make any payments thereafter.  As of the date of this Complaint, ShiftPixy owes Radaro in excess of $724,500.[9]

18.  Further, Radaro is informed and believes, and based thereon avers, that ShiftPixy has either assigned, sold, rented, leased, sub-licensed, transferred, or distributed copies of Radaro's software to Mr. Holmes to use on his website nativedelivery.com, which predominantly displayed screenshots of the "white labelled" solution that Radaro licensed to ShiftPixy as its market offering, in violation of sections 5.3, 7.2, and 7.7 of the Agreement.

---

[8] Of note, as a publicly-traded corporation on the NASDAQ exchange, ShiftPixy has repeatedly disclosed the terms of the Agreement to the Securities and Exchange Commission in its 10-K Annual Report filed on December 13, 2019, [https://www.sec.gov/Archives/edgar/data/1675634/000147793219007084/pixy_10k.htm (last visited June 24, 2020), p. F-30, Note 13, under the Software License heading], and again in its Form S-1/A General Form for Registration of Securities Under the Securities Act of 1933 filed on May 19, 2020. https://www.sec.gov/Archives/edgar/data/1675634/000110465920063856/tm2018551-1s1a.htm (last visited June 24, 2020), p. F-56, Note 14, under the Software License heading.

[9] ShiftPixy failed to pay $75,000 for seven months (from October 2019-April 2020) and has also failed to pay $82,500 for May and June of 2020, as agreed, bringing its total missed payments to $690,000.  Also, "ShiftPixy must pay Radaro interest on any other overdue amount payable under or in connection with th[e] Agreement at the rate of 5%," [Ex. 1, § 10.4] which adds $34,500 to what ShiftPixy owes Radaro, ($682,500 x 5% = $34,125) for a total due and owing of $724,500.  This number will increase with additional missed payments.

19. Moreover, Radaro is informed and believes, and based thereon avers, that ShiftPixy induced Radaro into entering into the Agreement by misrepresenting that it would not assign or sub-license any of its rights under the Agreement without Radaro's prior written approval, that it would not sell, rent, lease, sub-license, transfer, distribute, or permit the use of Radaro's software by any parties other than ShiftPixy, and that it would not use Radaro's software outside of ShiftPixy's existing software platform, knowing at the time of the misrepresentations that it intended to permit Mr. Holmes to use Radaro's software in violation of the Agreement.

20. Radaro is further informed and believes, and based thereon avers, that ShiftPixy willfully concealed the fact that it permitted Mr. Holmes to use Radaro's software so that ShiftPixy and Mr. Holmes could benefit from the use thereof to Radaro's detriment.

21. Radaro, for its part, has fully performed its obligations by allowing ShiftPixy to use its software as agreed until May 31, 2020, when it was excused from performance by ShiftPixy's material breach and non-payment. Radaro thereafter exercised its right to suspend ShiftPixy's use of its software pursuant to section 6.14 of the Agreement.

22. On June 1, 2020, Radaro notified ShiftPixy via e-mail and via first-class, certified mail (received on June 4, 2020) of its intent to terminate the Agreement pursuant to section 25.1(a). Radaro provided further notification to ShiftPixy via e-mail and via personal service of its intent to terminate the Agreement pursuant to section 25.1(a). Therefore, ShiftPixy had until Monday, June 15, 2020, to remedy its material breach by tendering payment in full, which it failed to do, thereby terminating the Agreement. Ex. 1, § 25.1(a) ("Without limiting the generality of any other clause in this Agreement, either Party (the **non-breaching Party**) may terminate this Agreement immediately by notice in writing to the other Party (the **breaching Party**) if: the breaching Party is in material breach of any term of this Agreement and such breach is not remedied within 14 days of notification by the non-breaching Party[.]").

# FIRST CLAIM
## BREACH OF CONTRACT
### (Against ShiftPixy)

23. Radaro incorporates, restates, and re-alleges the averments set forth in paragraphs 1 through 22, inclusive, as though fully set forth herein.

24. On or about September 17, 2019, Radaro and ShiftPixy entered into the Agreement.

25. Radaro fully performed its obligations arising from the Agreement by allowing ShiftPixy to use its software as agreed until May 31, 2020, when it was excused from performance by ShiftPixy's material breach and non-payment. Radaro thereafter exercised its right to suspend ShiftPixy's use of its software pursuant to section 6.14 of the Agreement.

26. ShiftPixy materially breached the Agreement by failing to pay as agreed from October 2019 to the present.

27. Additionally, Radaro is informed and believed, and based thereon avers, that ShiftPixy has either assigned or sub-licensed its rights arising from the Agreement—without Radaro's prior written consent—sold, rented, leased, sub-licensed, transferred, distributed, or permitted the use of copies of Radaro's software to Mr. Holmes to use on his website nativedelivery.com, outside ShiftPixy's existing software platform, materially breaching sections 5.3, 7.2, and 7.7 of the Agreement.

28. Radaro has been harmed by ShiftPixy's material breaches in an amount to be proven at trial, but in an amount in excess of $724,500 plus an amount no less than it would have been paid pursuant to a contract between it and the owner/operator of nativedelivery.com, which would have been substantively similar to the terms of the Agreement.

///
///
///

## SECOND CLAIM

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

**(Against ShiftPixy)**

29. Radaro incorporates, restates, and re-alleges the averments set forth in paragraphs 1 through 28, inclusive, as though fully set forth herein.

30. On or about September 17, 2019, Radaro and ShiftPixy entered into the Agreement.

31. Radaro fully performed its obligations arising from the Agreement by allowing ShiftPixy to use its software as agreed until May 31, 2020, when it was excused from performance by ShiftPixy's material breach and non-payment. Radaro thereafter exercised its right to suspend ShiftPixy's use of its software pursuant to section 6.14 of the Agreement.

32. ShiftPixy has interfered with Radaro's right to receive its agreed upon service fees by misrepresenting that it would pay and by refusing to pay them.

33. ShiftPixy has also interfered with Radaro's right to license its software to the owner/operator of nativedelivery.com by permitting the owner/operator of nativedelivery.com to use Radaro's software without paying Radaro.

34. Radaro has been harmed by ShiftPixy's interference in an amount to be proven at trial, but in an amount in excess of $724,500 plus an amount no less than it would have been paid pursuant to a contract between it and the owner/operator of nativedelivery.com, which would have been substantively similar to the terms of the Agreement.

## THIRD CLAIM

## ACCOUNTING

**(Against ShiftPixy)**

35. Radaro incorporates, restates, and re-alleges the averments set forth in paragraphs 1 through 34, inclusive, as though fully set forth herein.

36. On or about September 17, 2019, Radaro and ShiftPixy entered into the Agreement.

37. Additionally, Radaro is informed and believed, and based thereon avers, that ShiftPixy has either assigned or sub-licensed its rights arising from the Agreement—without Radaro's prior written consent—sold, rented, leased, sub-licensed, transferred, distributed, or permitted the use of copies of Radaro's software to Mr. Holmes to use on his website nativedelivery.com, outside ShiftPixy's existing software platform, materially breaching sections 5.3, 7.2, and 7.7 of the Agreement..

38. Absent an accounting, there is no way for Radaro to determine how much ShiftPixy benefited from permitting Mr. Holmes to use Radaro's software without its permission. Therefore, Radaro seeks a full forensic accounting to determine the amount of profits it is entitled to disgorge from ShiftPixy for it permitting Mr. Holmes to use Radaro's software without its permission.

## FOURTH CLAIM

## VIOLATION OF THE UNFAIR COMPETITION LAW (BUS. & PROF. CODE § 17200 ET SEQ.)

**(Against ShiftPixy)**

39. Radaro incorporates, restates, and re-alleges the averments set forth in paragraphs 1 through 38, inclusive, as though fully set forth herein.

40. Business & Professions Code section 17200 *et seq.* prohibits any person from engaging in unfair competition, which includes any unlawful, unfair, or fraudulent business act or practice.

41. Radaro is informed and believes, and based thereon avers, that ShiftPixy has acted unlawfully, fraudulently, and unfairly by misrepresenting that it would not assigning or sub-license any of its rights under the Agreement without Radaro's prior written approval, that it would not sell, rent, lease, sub-license, transfer, distribute, or permit the use of Radaro's software by any parties other than ShiftPixy, and that it would not use Radaro's software outside of ShiftPixy's existing software platform,

and then permitting Mr. Holmes to use Radaro's software without its permission.

42. As a direct and proximate result of ShiftPixy's unlawful, unfair, and fraudulent business practices, Radaro has suffered injury in fact and lost money, in an amount to be proven at trial, but in an amount no less than it would have been paid pursuant to a contract between it and the owner/operator of nativedelivery.com, which would have been substantively similar to the terms of the Agreement..

43. Radaro is entitled to injunctive relief proscribing ShiftPixy's wrongful conduct and attempts to permit third-party's to use Radaro's software without Radaro's permission.

## PRAYER FOR RELIEF

Radaro prays for judgement against ShiftPixy to the extent provided by law as follows:

**As to Radaro's First and Second Claims:**

1. For compensatory damages, in an amount to be proven at trial, but an amount in excess of $724,500; and

2. For unjust enrichment and disgorgement of profits.

**As to Radaro's Third Claim:**

3. For a full forensic accounting of ShiftPixy's revenue generated from permitting Mr. Holmes to use Radaro's software.

**As to Radaro's Fourth Claim:**

4. For injunctive relief.

**As to All Claims:**

5. For costs of suit incurred;

6. For prejudgment interest;

7. For attorneys' fees and costs incurred; and

8. For such other and further relief as this Court may deem just and proper.

///
///

# JURY DEMAND

Radaro herein demands a trial by jury of all issues in this action.

Date: November 20, 2020          **GODES & PREIS, LLP**


By: */S/ Benjamin G. Reynolds*
    Joseph M. Preis
    Benjamin G. Reynolds
    Attorneys for Plaintiff
    RADARO INC.